UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LEWIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00067-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 10)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Travare Monroe Grant is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed on April 8, 2018. (ECF No. 10.)

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

## III.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that on July 28, 2016, he was swallowing some plastic in front of his psychologist, Defendant Dr. Itriago, and stated he was suicidal. He attempted to swallow the plastic, and was told that he would not have his stomach pumped. After thirty minutes, he was walked over to the prison clinic for a mental health crisis evaluation.

Plaintiff submitted an appeal, and Defendant T. Blanchard interviewed him. Defendants C. Bell, Scott Harris, and J. Lewis read and reviewed his appeal and supported the lack of emergency care for the plastic. Defendant F. Munoz received a rules violation report with information that Plaintiff had a mental health crisis and attempted to swallow plastic, but ordered that Plaintiff receive disciplinary restrictions.

Exhibits attached to Plaintiff's original complaint included a patient-inmate health care appeal, CDCR Form 602. In that appeal, Plaintiff stated that on July 28, 2016, he reported to Dr. Itriago that he was suicidal when she visited his cell, and she insisted that he come for a one-on-one. He was escorted to the interview room and swallowed a plastic object, and started taking off his jumpsuit. Plaintiff was admitted to a crisis bed by another doctor, Dr. Tepperman. (Compl., ECF No. 1, at 9-10.) Another attached report shows that Plaintiff was issued an RVR, and found guilty of indecent exposure. (Id. at 22.) Plaintiff incurred a 90-day credit loss and other privilege losses. (Id. at 25-26.)

Plaintiff claims deliberate indifference in violation of the Eighth Amendment.

## IV.

## DISCUSSION

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Farmer, 511 U.S. at 834.

3

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.

Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

///

In this case, Plaintiff reported suicidal thoughts and swallowed some plastic in front of his medical provider. However, he also alleges, and previously submitted documents showing, that he received a mental health crisis evaluation in response to his condition. Plaintiff states that did not have emergency care or stomach pumping regarding the swallowed plastic, but he has not alleged sufficient facts showing a substantial risk of harm from the plastic, or that the denial of emergency care or a stomach pumping was medically acceptable under the circumstances. Instead, he has alleged that he was attempting to swallow the plastic for thirty minutes, and was then evaluated in response. His assertions that something different should have been done, or that staff should have responded differently to him, at most show a difference of opinion between him and the medical professionals regarding his treatment. As discussed above, this is insufficient to state a claim against the treating professionals. Further, as he has not stated any constitutional violation by the treating professionals, he cannot state any claim against those who reviewed and denied his appeals.

Finally, Plaintiff was previously provided these standards, but has not cured the deficiencies in his pleading despite being given an opportunity to amend. His allegations are largely the same as in his prior complaint. Therefore, further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## V.

## CONCLUSION AND ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 10, 2018**

UNITED STATES MAGISTRATE JUDGE